CASE NO. 24-14039

_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE LITIGATION

On Appeal from the United States District Court
For the Southern District of Florida
No. 08-md-01916
(No. 08-80465)
(The Honorable Kenneth A. Marra)

_____

APPELLEE CONRAD & SCHERER, LLP'S
ANSWER BRIEF

_____

/s/ Eric Hager
Eric Hager (Fla. Bar No. 1051523)
Conrad & Scherer, LLP
Edificio Officenter, Suite 304
Avenida Pampite S/N y Chimborazo -
Cumbayá
Quito, Ecuador
Tel: (954) 622-0461
Fax: (954) 463-9244
ehager@conradscherer.com
*Attorney for Appellee*
*Conrad & Scherer LLP*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, counsel for Appellee Conrad & Scherer, LLP certifies that the Certificate of Interested Persons filed by Appellants Does 1-144 and Paul Wolf, Esq. in their opening brief (Doc. No. 17 at i-ix) is correct and complete with the exception of the following interested persons or entities who were omitted or misspelled:

Chiquita Brands International, Inc.

Garretson, LLC

No publicly traded company or corporation has an interest in the outcome of this appeal.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellee Conrad & Scherer, LLP agrees with Appellants that oral argument is not necessary.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .....................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................... i

TABLE OF CONTENTS................................................................................... ii

TABLE OF CITATIONS .................................................................................. iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT OF THE CASE............................................................................2

   Course of the Proceedings .........................................................................2

   Statement of Facts....................................................................................4

   Standard of Review...................................................................................5

SUMMARY OF THE ARGUMENT ....................................................................6

ARGUMENT ...................................................................................................8

   I.    THE DISTRICT COURT CORRECTLY FOUND THAT C&S WAS
ENTITLED TO FEES AND COSTS ...............................................................8

      A.   Wolf first waived any challenge to entitlement below, and has now waived
any challenge to that finding on appeal. .......................................................8

      B.   C&S had express agreements with Does 1-144.......................................11

      C.   C&S had implied agreements with Does 1-144.......................................12

      D.   Does 1-144 understood that they would pay C&S if there was a recovery...
.................................................................................................................15

   II.   THE DISTRICT COURT CORRECTLY DETERMINED THE AMOUNT
OWED C&S...............................................................................................17

   III.    C&S DID NOT HAVE UNCLEAN HANDS ..........................................20

CONCLUSION.................................................................................................21

CERTIFICATE OF COMPLIANCE....................................................................22

# TABLE OF CITATIONS

Page(s)

**Cases**

*Am. Cas. Co. v. Etowah Bank*,
   288 F.3d 1282 (11th Cir. 2002)............................................................ 6

*Bailey v. Titlemax of Ga., Inc.*,
   776 F.3d 797 (11th Cir. 2015).............................................................. 20

*Bruton v. Carnival Corp.*,
   916 F. Supp. 2d 1262 (S.D. Fla. 2012) ................................................ 11

*Club Madonna, Inc. v. City of Miami Beach*,
   2015 U.S. Dist. LEXIS 126629 (S.D. Fla. Sep. 22, 2015) ................... 10

*Estate of Bigelow v. Commissioner*,
   503 F.3d 955 (9th Cir. 2007)................................................................ 6

*Estate of Thompson v. Commissioner*,
   382 F.3d 367 (3d Cir. 2004)................................................................. 6

*Fitzgerald v. McNae*,
   2025 U.S. Dist. LEXIS 103391 (S.D. Fla. May 30, 2025) ................... 9

*Fla. Power & Light Co. v. Mid-Valley, Inc.*,
   763 F.2d 1316 (11th Cir. 1985)............................................................ 11

*Greenfield Vills., Inc. v. Thompson*,
   44 So. 2d 679 (Fla. 1950)..................................................................... 13

*Helvering v. Gowran*,
   302 U.S. 238 (1937) ............................................................................. 14

*Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*,
   827 F. App'x 35 (2d Cir. 2020) ............................................................ 1

*Kaibel v. Mun. Bldg. Comm'n*,
   742 F.3d 1065 (8th Cir. 2014).............................................................. 1

*LaChance v. Duffy's Draft House, Inc.*,
   146 F.3d 832 (11th Cir. 1998) ................................................................. 1

*Lackey v. Bridgestone/Firestone, Inc.*,
   855 So. 2d 1186 (Fla. 3d DCA 2003) ................................................... 12

*Levinson v. Reliance Standard Life Ins. Co.*,
   245 F.3d 1321 (11th Cir. 2001) ............................................................. 6

*Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*,
   2020 U.S. Dist. LEXIS 184770 (S.D. Fla. Sep. 18, 2020) ................................. 10

*Lira v. Essentia Ins. Co.*,
   861 F. App'x 374 (11th Cir. 2021) ....................................................... 5

*Macort v. Prem, Inc.*,
   208 F. App'x 781 (11th Cir. 2006) ..................................................... 15

*McCollem v. Chidnese*,
   832 So. 2d 194 (Fla. 4th DCA 2002) ................................................... 20

*Norman v. Hous. Auth. of Montgomery*,
   836 F.2d 1292 (11th Cir. 1988) ........................................................... 18

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
   261 F.3d 1188 (11th Cir. 2001) ........................................................... 5

*SBP Homes, Ltd. Liab. Co. v. 84 Lumber Co.*,
   384 So. 3d 241 (Fla. 4th DCA 2024) ................................................... 14

*Scott v. Kirtley*,
   152 So. 721 (Fla. 1933) ....................................................................... 13

*Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*,
   697 F.2d 1352 (11th Cir. 1983) ........................................................... 6

*Sutton v. N.Y.C. Transit Auth.*,
   462 F.3d 157 (2d Cir. 2006) ................................................................. 1

iv

*Taverna Imps. v. A&M Wine & Spirits*,
 2019 U.S. Dist. LEXIS 238644 (S.D. Fla. Oct. 2, 2019)..................................... 10

*Truform, Inc. v. GMC*,
 80 F. App'x 968 (6th Cir. 2003) ........................................................... 6

*United States v. McLean*,
 802 F.3d 1228 (11th Cir. 2015)............................................................ 5

*United States v. Metsch & Metsch, P.A.*,
 187 F. App'x 946 (11th Cir. 2006) ....................................................... 1

*Vanguard Plastic Surgery, PLLC v. United Healthcare Servs., Inc.*,
 2022 U.S. Dist. LEXIS 251320 (S.D. Fla. June 22, 2022) ................................. 12

*Williams v. McNeil*,
 557 F.3d 1287 (11th Cir. 2009)............................................................ 5

**Statutes**

28 U.S.C. § 1332 ...................................................................... 1

28 U.S.C. § 1367 ...................................................................... 1

**Rules**

11th Cir. R. 3-1 ................................................................Passim

Fed. R. App. P. 25 ................................................................. 24

Fed. R. Civ. P. 72 ................................................................. 15

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The district court had diversity jurisdiction over the underlying litigation. 28 U.S.C. § 1332. It had supplemental jurisdiction over the charging lien dispute. 28 U.S.C. § 1367. This Court has jurisdiction over the appeal of the final award of fees and costs under the collateral order doctrine. *See United States v. Metsch & Metsch, P.A.*, 187 F. App'x 946, 947 (11th Cir. 2006) (holding order denying charging lien "fall[s] within the limited class of collateral orders that are deemed final because it: (1) conclusively determines the dispute between Metsch and the Government, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from the final judgment"); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir. 1998) ("attorney's fees is always a collateral issue").[1] The appeal is timely because the order being appealed was entered on December 2, 2024 (App667) and the notice of appeal was filed on December 8, 2024 (App668).

---

[1] *See also Kaibel v. Mun. Bldg. Comm'n*, 742 F.3d 1065, 1067 (8th Cir. 2014) ("Attorneys' lien decisions are often held to satisfy the collateral order doctrine."); *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 160 (2d Cir. 2006) ("[a]lthough the underlying . . . suit remains pending in the District Court, orders adjudicating attorney's fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders, and the exercise of appellate jurisdiction is especially appropriate here since LMB has been permitted to withdraw as counsel"); *Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 F. App'x 35, 37 (2d Cir. 2020) (collateral order doctrine provided jurisdiction to hear appeal of order granting attorneys' lien).

1

## STATEMENT OF THE CASE

This appeal relates to a charging lien dispute between Appellant Paul Wolf ("Wolf") and Appellee Conrad & Scherer, LLP ("C&S"). It arises out a long-running, multi-district litigation ("MDL") against Chiquita Brands International, Inc. ("Chiquita") for its support of a Colombian terrorist organization.

## Course of the Proceedings

In 2007, a group of plaintiffs referred to as Does 1-144 retained Wolf and Terrence Collingsworth ("Collingsworth") to represent them against Chiquita. App1028. After suing Chiquita in the United States District Court for the District of Columbia, the case was consolidated with the MDL proceedings in the Southern District of Florida. App1029.

In early 2008, Collingsworth joined C&S. App1029. In September 2008, with Wolf's agreement, Collingsworth was designated lead counsel for Does 1-144. App1029-30. The "clear intent [of the order] was to appoint C&S as a firm, not just Mr. Collingsworth as an individual." App1040.

In late 2015, Collingsworth left C&S. App1030. Shortly after, C&S moved to withdraw from the *Chiquita* MDL. Supp.App.2. In denying the motion to withdraw, the district court "charged [C&S] with the obligation to continue representation of the entire plaintiff pool, including the Doe Plaintiffs." Supp.App.3.

In April 2020, in response to a motion by Wolf, the district court discharged C&S from further representation of Does 1-144. App1031. In doing so, it held that C&S's "*quantum meruit* claim for services rendered in connection with the representation of the Doe Plaintiffs is likewise DENIED WITHOUT PREJUDICE for [it] . . . to file a notice of charging lien . . . to preserve any claimed entitlement to such fees." *Id.* C&S filed its notice of charging lien in September 2020. App785-87.

In June 2024, Wolf announced a settlement related to the clients he represented in the *Chiquita* MDL, including Does 1-144. App1031. In compliance with Local Rule 7.3(a) of the Southern District of Florida, C&S first served Wolf with a draft of its motion to enforce the charging lien. Supp.App.184-348; *see also* App1037 ("[i]t is undisputed that C&S complied with Local Rule 7.3(a)"). Wolf declined to confer with C&S over the draft motion, stating:

> I've reviewed your motion and bill of costs and oppose the motion. You've fulfilled your duty to confer. I don't want to sit through a zoom meeting.

Supp.App.350. When the conferral period under the local rule ended in August 2024, C&S filed the motion enforce its charging lien. Supp.App.22.

On October 15, 2024, United States Magistrate Judge Bruce E. Reinhart filed a report and recommendation ("R&R") recommending that C&S's motion to enforce its charging lien be granted and that it be awarded $225,000 in attorneys' fees and $4,755.42 in non-taxable expenses. App1044.

Wolf filed objections to the R&R a day later, on October 16, 2024. Supp.App.401. C&S timely responded to those objections on October 29, 2024. Supp.App.437.

On December 2, 2024, the district court affirmed and adopted the R&R. App1045-46. It did so after doing a "de novo review of the entire file." *Id.* It awarded C&S $229,755.42, to be deposited and held in the Court Registry, earning interest, pending appeal. *Id.* Wolf's appeal followed.

## Statement of Facts

Does 1-144 originally entered into contracts for representation with Wolf and Collingsworth. App865. In relevant part, the contracts state that the "Client agrees that the Attorneys have exclusive authority to retain additional attorneys to work with the Client to process the [Client's claims]." *Id.*

C&S performed significant legal work on behalf of Does 1-144 from August 21, 2008 to November 21, 2019. App.883-957.[2] This work included preparing plaintiffs for depositions, such as by assisting them in obtaining passports and visas. App918-27 (time entries 286, 302, 310, 319, 322, 340, 341, 347, 357). C&S staff also attended deposition preparation sessions, and the depositions themselves, to

---

[2] C&S's fee expert reviewed all of the time entries submitted by C&S and indicated whether he felt they were fully, partly, or not-at-all compensable. Thus, while C&S's billing submission began with an entry on February 6, 2008 (App.882), the first entry C&S's expert found compensable was on August 29, 2008 (App.883).

assist the testifying Does 1-144. App936-39 (time entries 426, 430, 435, 439, 445). Prior to the depositions, C&S prepared and submitted initial disclosures for certain Does 1-144, App913-16 (time entries 247, 251-252, 268-270, 272), and responded to discovery requests, App941-42 (time entries 457-458, 463-464, 468, 469). Aside from discovery, C&S briefed issues impacting Does 1-144, such as opposing Chiquita's motion to dismiss directed at them. App883-87 (time entries 15-16, 23-25, 28, 41-42, 44-45, 47).

## **Standard of Review**

A district court's treatment of a magistrate judge's report and recommendation is reviewed for abuse of discretion. *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009).

"Awards of attorney fees are reviewable only to determine if the trial court abused its discretion in granting or denying them." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001).

A district court's finding of waiver due to a violation of a local rule is reviewed for abuse of discretion. *See United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015) ("We review a district court's application of its local rules for an abuse of discretion. The district court's interpretation of its own rules is entitled to great deference, and the challenging party bears the burden of showing that the district court made a clear error of judgment."); *see also Lira v. Essentia Ins. Co.*,

861 F. App'x 374, 377 (11th Cir. 2021) (applying abuse of discretion standard to decision involving Local Rule 7.3 of the Southern District of Florida).

"Contract interpretation is a question of law and is subject to *de novo* review." *Am. Cas. Co. v. Etowah Bank*, 288 F.3d 1282, 1285 (11th Cir. 2002). However, "[t]he existence of an implied agreement is a question of fact reviewed for clear error." *Estate of Bigelow v. Commissioner*, 503 F.3d 955, 964 (9th Cir. 2007); *see also Estate of Thompson v. Commissioner*, 382 F.3d 367, 376 (3d Cir. 2004) ("Whether an implied agreement existed . . . is a question of fact, which we review for clear error."); *Truform, Inc. v. GMC*, 80 F. App'x 968, 974 (6th Cir. 2003) ("The district court's conclusion that Truform and American Axle had an implied contract is a finding of fact we review for clear error.").

Rejection of an unclean hands defense is reviewed for abuse of discretion. *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1355 (11th Cir. 1983). Any findings of fact involved in that determination are reviewed for clear error. *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001) ("We review the district court's findings of fact for clear error.").

## SUMMARY OF THE ARGUMENT

Wolf's three issues on appeal should be rejected and the district court's order on C&S's charging lien should be affirmed.

6

The first issue is entitlement. Both the magistrate judge and the district court judge below agreed that C&S showed entitlement to the fees and costs associated with its charging lien for three independent reasons: (1) Wolf waived entitlement; (2) C&S had express agreements with Does 1-144; and (3) alternatively, C&S had implied agreements with them. Wolf has thrice-waived the entitlement issue; relies on an incorrect statement of Florida law as to express agreements; and comes nowhere close to showing the district court engaged in clear error in making its factual finding that C&S had implied agreements with Does 1-144.

The second issue is the amount of C&S's award. Wolf waived this issue when he did not properly object to the amount the R&R recommended that C&S be awarded. Beyond that, he ignores the plain text of the R&R in claiming the district court did not consider the reasonableness of C&S's claimed fees. Similarly, he claims error in the absence of an evidentiary hearing—yet both parties argued below that a hearing was not necessary.

The third issue is unclean hands. Once more, Wolf waived this issue by not objecting to the R&R's findings on it. And on the merits, there is nothing even remotely hinting at clear error in the district court's finding that Wolf had not shown how he was injured by C&S.

**ARGUMENT**

I.   **THE DISTRICT COURT CORRECTLY FOUND THAT C&S WAS ENTITLED TO FEES AND COSTS**

The district court found that C&S was entitled to the fees and costs associated with its charging lien for three separate and independent reasons: (1) waiver; (2) express agreements; and (3) implied agreements. Affirmance on all three grounds is appropriate, but just one is enough to reject Wolf's appeal on entitlement.[3]

**A.   Wolf first waived any challenge to entitlement below, and has now waived any challenge to that finding on appeal.**

The R&R found that Wolf's violation of Local Rule 7.3 waived any objection he had to C&S's entitlement to recover under its charging lien. App1037 ("C&S argues that Mr. Wolf's failure to comply with Local Rule 7.3 waives any objection to entitlement or amount of fees. I agree that it waives any objection to entitlement."); App1038 ("I recommend that the Court exercise its discretion to find that Mr. Wolf has waived any objection to C&S's entitlement to fees"). The district court adopted that finding in its entirety. App1045. It did not abuse its discretion in doing so.

Despite it being the R&R's first of three independent grounds for finding in C&S's favor on entitlement, Wolf did not challenge the waiver finding in his written

---

[3] While Wolf brings his appeal on his own behalf and purportedly on behalf of the Does 1-144, the district court ruled that the Does 1-144 do not have standing. App.1035-36. Appellants do not challenge that determination on appeal.

objections to the R&R. Supp.App.401. The R&R, however, specifically warned
Wolf of the consequences of that failure:

> Failure to timely file objections **shall constitute a waiver** of a party's
> "right to challenge on appeal the district court's order based on
> unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

App1044 (emphasis added). Pursuant to Eleventh Circuit Rule 3-1, Wolf has waived
any right to challenge the Local Rule 7.3 waiver finding.

Further cementing his abandonment of any challenge to the district court's
waiver finding, Wolf does not even attempt to appeal the issue. Wolf merely argues
that the district court should have taken other action, such as ordering the parties to
confer. Appellants' Opening Brief (Doc. No. 17, "AOB") at 26. But he makes no
effort to show that the district court's waiver finding was an abuse of discretion.
Accordingly, Wolf has thrice-waived any argument opposing C&S's entitlement to
its charging lien: first, by violating Local Rule 7.3; second, by failing to object to the
R&R's waiver finding; and third, by failing to appeal the issue.

Even on the merits, Wolf cannot show that the district court abused its
discretion. Wolf did "not dispute his non-compliance with Local Rule 7.3."
App1037. The district court acted well within its discretion in finding that Wolf's
undisputed violation waived any objection to C&S's entitlement to its charging lien.
*See Fitzgerald v. McNae*, 2025 U.S. Dist. LEXIS 103391, at *4 (S.D. Fla. May 30,
2025) ("McNae's failure to comply with Local Rule 7.3(b) results in a waiver of

9

objections to Fitzgerald's fee request."); *Taverna Imps. v. A&M Wine & Spirits*, 2019 U.S. Dist. LEXIS 238644, at *12 (S.D. Fla. Oct. 2, 2019) ("Failure to comply with Local Rule 7.3(b) results in a waiver of objections to the fee request.").[4]

Far from abusing its discretion, the district court did what was necessary in light of Wolf's disdain for the local rules. AOB 26 ("Wolf explained below that he failed to read Local Rule 7.3"). Wolf apparently thinks that this Court should always give litigants a second chance, no matter how they conducted themselves below. AOB 27 ("Undersigned counsel has learned his lesson and wants a hearing or mediation to review C&S' [sic] billing records."). Yet Wolf had every opportunity below to challenge C&S's fee request, but chose not to; he should live with the consequences of his actions.

The Local Rule 7.3 waiver issue, standing alone, is enough to affirm the district court's ruling that C&S is entitled to enforce its charging lien, so the Court need not entertain Wolf's substantive challenges.

---

[4] *See also Club Madonna, Inc. v. City of Miami Beach*, 2015 U.S. Dist. LEXIS 126629, at *30-31 (S.D. Fla. Sep. 22, 2015) ("The Court is not so lenient when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources—and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b)."); *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*, 2020 U.S. Dist. LEXIS 184770, at *10 n.5 (S.D. Fla. Sep. 18, 2020) ("State[] Farm failed to describe in writing which entries or expenses to which it objected, or provide legal authority for any objections, as required by Local Rule 7.3(b). Failure to comply with Local Rule 7.3(b) results in a waiver of objections to the fee request.").

### B.    C&S had express agreements with Does 1-144.

If the Court is inclined to reach Wolf's substantive challenges, the issue becomes whether C&S had client agreements with Does 1-144. After all, there must be "an express or implied contract between the attorney and client" to establish a charging lien under Florida law. App1032 (quoting *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1268 (S.D. Fla. 2012)).

Under the "the unambiguous terms of the agreement," the district court found that "after Mr. Collingsworth joined C&S in early 2008, there was a binding legal agreement between the client and C&S for C&S to provide legal services as authorized by Mr. Collingsworth." App1039. Wolf makes a one-paragraph argument on this issue, asserting there cannot be express agreements because C&S's name does not appear on the contracts. AOB 11-12.

Wolf's challenge fails because it ignores how C&S was an intended third party beneficiary under the contracts, which gave Collingsworth "authority to retain additional attorneys" like C&S. App.865. "Florida courts have long recognized that a third party beneficiary need not be named in the contract, but that its status may be established by pre-contract and post-contract actions of the parties." *Fla. Power & Light Co. v. Mid-Valley, Inc.*, 763 F.2d 1316, 1321 (11th Cir. 1985) (where the contracting parties "intended the bulk of the actual work to be done by employees of [a non-party] and knew that it was being done by those employees," that non-

11

party "is an intended third party beneficiary of the contract"). Under Florida law, C&S had express agreements with Does 1-144.

### C.    C&S had implied agreements with Does 1-144.

In the alternative to express agreements, C&S had implied agreements with Does 1-144. Wolf makes a host of incorrect legal assertions on this issue. For instance, he relies on the Florida Rules of Professional Conduct, but those do not provide the elements for an implied agreement in the quantum meruit context. As Wolf correctly conceded below, "ethics opinions are not controlling" on charging lien issues. Supp.App.406.

Next, Wolf argues that "[t]here is no case law in this, or any other circuit finding implied agreements where no written agreement of any sort existed." AOB 14. That statement is wrong, as a decision from the Southern District of Florida demonstrates:

> United next argues that Vanguard's written contract with TRPN precludes a claim for implied contract and, further, that Vanguard's claim lies against TRPN, not United. **This argument misconstrues the nature of an implied contract.** Vanguard is not suing TRPN. **There is no written contract between Vanguard and United**; thus, Vanguard has the burden of alleging facts that could support a finding that the parties tacitly agreed on payment.

*Vanguard Plastic Surgery, PLLC v. United Healthcare Servs., Inc.*, 2022 U.S. Dist. LEXIS 251320, at *9 (S.D. Fla. June 22, 2022) (emphasis added); *see also Lackey v. Bridgestone/Firestone, Inc.*, 855 So. 2d 1186, 1188 (Fla. 3d DCA 2003) (in

situation where the client "never signed any agreement with [the attorneys], quantum meruit is the only recourse available to [the attorneys]").

Wolf's own authority likewise establishes that C&S did not need a related written agreement with Does 1-144 to have an implied agreement for the recovery of fees. The opinion in *Scott v. Kirtley*, 152 So. 721 (Fla. 1933) does not state there was a written agreement. But without citation, Wolf asserts "there was a written agreement between the attorney and the client" in *Scott*. AOB 15. Likewise, nowhere in *Greenfield Vills., Inc. v. Thompson*, 44 So. 2d 679 (Fla. 1950) did the court state that there was a written agreement. Yet Wolf again asserts—without citation—that the client in the case had a "written agreement with his attorney." AOB 14.

On the merits, there was no clear error in the district court's finding that C&S had implied agreements with Does 1-144. The district court held that C&S was bound by an order from 2008 to represent Does 1-144. App1040. Notably, that representation order was reaffirmed after Collingsworth's departure from C&S in late 2015. App1030 (quoting order stating C&S "remains in place as counsel of record for the Doe Plaintiffs"). Furthermore, Wolf does not say anything about the district court's finding that implied agreements were created by orders, and so has waived the right to challenge that ruling on appeal.

Alternatively, implied agreements were formed when C&S performed legal services for Does 1-144 with their knowledge. Implied agreements are "inferred in

whole or in part from the parties' conduct, not solely from their words." *SBP Homes, Ltd. Liab. Co. v. 84 Lumber Co.*, 384 So. 3d 241, 244 (Fla. 4th DCA 2024). In support of its charging lien, C&S demonstrated that it performed work for Does 1-144—including initial disclosures, other written discovery, and depositions—with their knowledge. App913-16 (time entries 247, 251-252, 268-270, 272) (initial disclosures); App941-42 (time entries 457-458, 463-464, 468, 469) (responding to written discovery); App918-39 (time entries 286, 302, 310, 319, 322, 340, 341, 347, 357, 426, 430, 435, 439, 445) (depositions). Thus, even if this Court disagrees with the reason the district court found implied agreements existed, it should still affirm. *Helvering v. Gowran*, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.").

Next, Wolf should be estopped from denying that C&S represented Does 1-144. In 2016, the district court held that "Conrad Scherer is designated lead counsel of record for Does 1-144[.]" Supp.App.7. Instead of immediately challenging that designation, Wolf allowed C&S to represent Does 1-144 for years—expending time and resources to do so. Indeed, far from contesting C&S's role in representing Does 1-144, Wolf affirmed it in a filing as late as mid-2024. Supp.App.15 ("[a]lthough undersigned counsel had resolved this dispute with Collingsworth and Contrad [sic]

14

& Scherer by agreement twelve years earlier, the agreement was to jointly represent them"); Supp.App.17 ("Early in the ligitation (sic), we thought we had resolved the representation of these 144 individuals [the Wolf Plaintiffs], which would be jointly represented by Wolf, Collingsworth and Conrad & Scherer."). Wolf should not be allowed to claim otherwise now.

Finally, by failing to properly object below, Wolf waived any challenge to the R&R's implied agreement finding. In his objections, Wolf merely argued that "[t]here is no basis to find that an implied agreement existed." Supp.App.405. Such a conclusory objection is no objection at all. *See* Rule 4(b) of the S.D. Fla. Magistrate Judge Rules (objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority"); *see also* Fed. R. Civ. P. 72(b)(2) ("a party may serve and file specific written objections to the proposed findings and recommendations"); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). Accordingly, under Eleventh Circuit Rule 3-1, Wolf waived the right to challenge the implied agreement finding on appeal.

### D.    Does 1-144 understood that they would pay C&S if there was a recovery.

Does 1-144 understood that their attorneys—including C&S—were rendering legal services on their behalf, and that payment for these legal services was

contingent on and would be paid from the recovery obtained. The written retainer signed by Does 1-144 expressly provides for a contingent fee. App.865. Also, Does 1-144 understood that C&S was working on their behalf, especially in light of C&S's active involvement in responding to discovery and assisting in depositions. Accordingly, Does 1-144 understood that C&S was providing legal services on a contingency basis that would be paid out of any recovery obtained.

Wolf's brief argument on this issue is meritless. AOB 16. First, he claims C&S rejected his offer to participate in settlement negotiations with Chiquita. But Wolf did not invite C&S to help him negotiate on behalf of Does 1-144 (plaintiffs C&S no longer represented). And the supposed invitation is otherwise irrelevant, because settlement negotiations in 2024 do not inform what understanding Does 1-144 had when C&S was doing legal work on their behalf years earlier.

Second, Wolf claims C&S "never even communicated with Does 1-144." AOB 16. This is a blatant misrepresentation. C&S's time entries reflect numerous communications with many Does 1-144. App.882-960 (C&S time entries); Supp.App.28 (identifying specific time entries associated with the preparation of initial disclosures and discovery responses for numerous Does 1-144, which "required extensive communications" with them); Supp.App.395 (identifying numerous Does 1-144 by name associated with specific time entries).

16

In addition, the district court found that there was an expectation that C&S would be compensated for its work. App1039-40. Again, Wolf has not challenged this finding, and so has waived it for purposes of appeal. Nor was there any clear error as to this factual finding.

## II.    THE DISTRICT COURT CORRECTLY DETERMINED THE AMOUNT OWED C&S

Other than a conclusory (and legally insufficient) statement, Wolf did not object below to the amount the R&R recommended awarding to C&S. Supp.App.402. Thus, he waived the right to challenge the amount under Eleventh Circuit Rule 3-1. In addition to being waived, Wolf's four alleged points of error are meritless.

First, Wolf argues the district court did not review C&S's billing records for reasonableness. AOB 16, 18-19. The plain text of the R&R says otherwise: the district court reviewed both C&S's hourly rates and time entries for reasonableness. On the hourly rates, the district court found most to be "reasonable," but lowered one attorney's rate and set a ceiling on all paralegal rates. App1042-43. This led to a reduced award. App.1043 ("The lodestar should be reduced accordingly."). On the time entries, the district court recognized that "[a]lmost all of the work expended, as reflected in C&S's billing records, appears to have been reasonable and necessary to representing the Doe Plaintiffs." *Id.* However, it found that there were "some

17

duplicative billing entries." *Id.* Given the adjustments to certain hourly rates and billing entries, the district court reduced C&S's award to $225,000. *Id.*

Second, Wolf claims the district court erred by not having an evidentiary hearing. AOB 19-20. Yet Wolf argued below that "the Court shouldn't schedule an evidentiary hearing." Supp.App.368. He cannot claim the district court erred in agreeing with him. At the same time, Wolf falsely claims C&S sought an evidentiary hearing. AOB 26. Instead, C&S stated in its motion to enforce the charging lien that the district court "need not set an evidentiary hearing." Supp.App.32. Even ignoring the parties' agreement on the issue below, the district court was not required to hold an evidentiary hearing. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (evidentiary hearings are not always required when adjudicating requests for attorneys' fees).

Third, Wolf disputes whether C&S's work benefitted Does 1-144. This, of course, is a factual issue and the district court's finding in C&S's favor was not clearly erroneous. App1041 ("C&S's time sheets reflect substantial work that benefited all Doe Plaintiffs."); App1043 ("Almost all of the work expended, as reflected in C&S's billing records, appears to have been reasonable and necessary to representing the Doe Plaintiffs."). Notably, C&S submitted a report from a fee expert, who evaluated the benefit C&S provided Does 1-144 and opined that the fees

sought were reasonable. App875. The district court reviewed that report and found it to be "to be persuasive and well supported." App1042.

Wolf now wants this Court to second-guess the finding that C&S's work benefitted Does 1-144, arguing that much of the work was unrelated to them (AOB 20-23) and work for them was "minimal" (AOB 23). On relatedness, all of the time entries in C&S's fee request related to Does 1-144. App.882-960. C&S left off many thousands of other time entries in this MDL that were unrelated to Does 1-144. Wolf tries—but fails—to cherry-pick time entries supposedly unrelated to Does 1-144. For instance, he focuses on the time entry for "Review[ing] file RE Uraba (Clara Bernarda M. Rivas)." AOB 24. This time entry relates to Clara Veneranda Moreno Rivas, who is one of the Does 1-144. AOB at vi (Certificate of Interested Persons). Ms. Moreno Rivas's name was merely spelled differently in the time entry. Finally, to say C&S's work for Does 1-144 was "minimal" ignores the time entries submitted, C&S's fee expert's opinions, and the district court's unambiguous ruling. App1043 ("Almost all of the work expended, as reflected in C&S's billing records, appears to have been reasonable and necessary to representing the Doe Plaintiffs.").

Fourth, Wolf complains that C&S's fee expert lacked "personal knowledge" of the facts of the case. AOB 25. But that is the point of an expert. Witnesses with personal knowledge are fact witnesses. Witnesses who learn about the case through

materials given to them by a party, and who are asked to give opinion testimony based on those materials, are expert witnesses.

## III.    C&S DID NOT HAVE UNCLEAN HANDS

The defense of unclean hands is the final appellate issue Wolf raises, but he also waived this issue under Eleventh Circuit Rule 3-1. In his objections to the R&R, Wolf did not object to the explanation of how the doctrine of unclean hands applies to charging liens generally, nor to the R&R's application of the doctrine to the specific facts of this case. Supp.App.408-09. Far from objecting to the R&R's analysis, Wolf admitted that "the Magistrate Judge can't be faulted for making this finding" regarding unclean hands. Supp.App.409. Wolf's failure to properly object waived any challenge to the unclean hands ruling.

Wolf's unclean hands argument also fails at the threshold substantive level. "A party must prove that he was injured in order for the unclean hands doctrine to apply." *McCollem v. Chidnese*, 832 So. 2d 194, 196 (Fla. 4th DCA 2002); *see also Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) ("To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing."). Wolf has made no showing that his (unproven) allegations of misconduct injured him in any way. There is no evidence that he received less in attorneys' fees from the settlement because of C&S's alleged conduct. This absence

of proof is dispositive, and the district court did not engage in clear error by finding Wolf was not injured. App1042 ("Mr. Wolf, the real party-in-interest in this charging lien dispute, has not shown how the alleged bribery injured him. Therefore, the unclean hands doctrine does not bar C&S from enforcing its charging lien.").

Next, Wolf's legal argument is entirely irrelevant. He claims that an evidentiary ruling "in the first bellwether trial was clearly erroneous." AOB 27. Wolf acknowledges, however, that none of his clients' claims were part of that trial. An evidentiary ruling in that trial could not possibly injure Wolf. Indeed, he concedes as much: "The first bellwether trial played **no role in [the] amount** of the Settlement." AOB 7 (emphasis added).

Finally, Wolf came nowhere close in the district court to proving that C&S bribed two witnesses. Here, Wolf relies on a brief filed by Chiquita (AOB 28), his own argument at a hearing (*id.*), and entirely irrelevant information regarding a separate litigation (AOB 29-30). None of these establish clear error.

## CONCLUSION

Wolf claims he "has learned his lesson" from his mistakes below. AOB 27. Clearly that is not the case. For instance, one of the many reasons Wolf lost below is because "he failed to read Local Rule 7.3." AOB 26. But now he is appealing rulings from the R&R, which he at best skimmed. The R&R warned him of the

21

consequences of "unobjected-to factual and legal conclusions." App1044. Yet he raised no objection to many of the points he seeks to challenge on appeal. And he makes arguments about the R&R that even the most cursory reading shows are false, such as his claim that the district court did not review C&S's claimed fees for reasonableness, AOB 18-19, when it plainly did. App1043 ("Almost all of the work expended, as reflected in C&S's billing records, appears to have been reasonable and necessary to representing the Doe Plaintiffs.").

In summary, Wolf has no legal basis for a second chance to contest C&S's charging lien. The district court's order awarding C&S its fees and costs in the amount of $229,755.42, plus interest, should be affirmed.

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.    This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 5,217 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and 11th Cir. R. 32-4, and

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32 (a)(6) because it has been prepared using Microsoft Word in Times New Roman, 14-point font.

June 20, 2025                              Respectfully submitted,

                                          /s/ Eric Hager
                                          Eric Hager
                                          (Fla. Bar No. 1051523)
                                          Conrad & Scherer, LLP
                                          Edificio Officenter, Suite 304
                                          Avenida Pampite S/N y Chimborazo -
                                          Cumbayá
                                          Quito, Ecuador
                                          Tel: (954) 622-0461
                                          Fax: (954) 463-9244
                                          ehager@conradscherer.com

                                          William R. Scherer
                                          (Fla. Bar No. 169454)
                                          David L. Gunion, Jr.
                                          (Fla. Bar No. 1047289)
                                          Conrad & Scherer, LLP
                                          614 South Federal Highway
                                          Fort Lauderdale, FL 33301
                                          Tel: (954) 462-5500
                                          Fax: (954) 463-9244
                                          wscherer@conradscherer.com
                                          dgunion@conradscherer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the

Court using the ECF system on June 20, 2025, which will automatically generate

and serve by e-mail a Notice of Docket Activity on Attorney Filers under Fed. R.

App. P. 25(c)(2).

                                          /s/ Eric Hager
                                          Eric Hager (Fla. Bar No. 1051523)
                                          *Attorney for Appellee*
                                          *Conrad & Scherer LLP*